UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DARIEN MAURICE ROGERS,

                            Plaintiff,

                                              **MEMORANDUM & ORDER**
      - against -                                  24-CV-6791 (OEM) (MMH)

NEW YORK CHILD SUPPORT ENFORCEMENT
UNIT, NEW YORK CHILD SUPPORT,

                            Defendants.
---------------------------------------------------------------X
ORELIA E. MERCHANT, United States District Judge:

        On September 25, 2024, Plaintiff Darien Maurice Rogers, proceeding *pro se*, commenced this action asserting federal question jurisdiction for a violation of his civil rights challenging his child support obligations as unconstitutional. *See generally* ECF 1. He names as defendants city and state entities that process and enforce child support in New York. Plaintiff's application to proceed *in forma pauperis* is granted. However, for the reasons discussed below, the action is dismissed.

## BACKGROUND

        Plaintiff challenges the enforcement and collection of a state court order requiring him to pay child support. Plaintiff seeks damages and an injunction against further reports to credit bureaus regarding his unpaid obligations and the cancellation of his obligation to pay child support.

## STANDARD

        A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. The Court reads the plaintiff's *pro se* complaint liberally and interprets it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

**DISCUSSION**

Plaintiff asks this Court to nullify a determination of the New York state court regarding his obligation to pay child support and reversal of New York's collection and enforcement efforts.[1] The domestic-relations abstention doctrine prevents consideration of Plaintiff's action. The domestic-relations abstention doctrine requires federal district courts to abstain from exercising federal question jurisdiction over claims involving domestic relations issues so long as those claims could be fully and fairly determined in the state courts. *See American Airlines, Inc. v. Block*,

---

[1] Were the Court to exercise jurisdiction, to the extent Plaintiff seeks to raise claims under the federal criminal codes, *see* ECF 1 at 6 (citing 18 U.S.C. §§ 241 and 245 as the statutes under which he files this action), those claims would be dismissed because crimes are always prosecuted by the Federal Government in our federal system, not by private complaints. *See Storm-Eggink v. Gottfried*, 409 F. App'x 426, 427 (2d Cir. 2011) (summary order) (collecting cases).

905 F.2d 12, 14 (2d Cir. 1990); *see also Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) (explaining that "*American Airlines* continues to be the law of this Circuit" after relevant intervening Supreme Court precedent).

The claims for which the Plaintiff seeks relief involve domestic relations issues and thus fall within the domestic-relations abstention doctrine. *See Bey v. Furman*, 21-CV-4090 (WFK) (RER), 2021 WL 3725987, at *4 (E.D.N.Y. Aug. 23, 2021) (court must abstain from exercising its federal-question jurisdiction over plaintiff's child support determinations and enforcement); *Legister v. Radowitz*, 20-CV-9330 (LLS), 2020 WL 7405672, at *4 (S.D.N.Y. Dec. 16, 2020) ("Plaintiff asserts claims under the Court's federal-question jurisdiction and asks this Court to overturn or 'dismiss and void' final determinations of the New York Family Court . . . He challenges the fact that he must pay child support, the amount owed, and that his income is being garnished to pay his child-support arrears. His claims therefore involve domestic-relations issues. Thus, unless he shows that there is an obstacle that prevents him from receiving a full and fair determination of those issues in the state courts, this Court must abstain from exercising its federal-question jurisdiction over his claims arising from the Family Court's orders and judgments and their enforcement."); *Myers v. Sara Lee Corp.*, 08-CV-1421 (KAM), 2009 WL 10706711, at *10 (E.D.N.Y. Apr. 13, 2009) ("As in *American Airlines*, the income execution for which enforcement is sought consists of an ongoing support obligation that is subject to modification by the Family Court. Enforcement by this court would thus require interference with the ability of the Family Court to modify ongoing child support obligations, and abstention would be mandated here for the same reasons it was required as to the non-final judgment amounts in *American Airlines*.").

The Court will not grant leave to amend the complaint because it would be futile. The jurisdictional issues present a "substantive" problem that "better pleading will not cure." *Cuoco*

*v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Dyer v. Edwin Gould Foster Care Agency*, 19-cv-0531(AMD), 2019 WL 442150, at *2 (E.D.N.Y. Feb. 4, 2019) (denying leave to amend because "plaintiff's claims are strictly about state court matters, and amending the complaint would not cure that defect"). Because the domestic relations abstention doctrine precludes this Court's exercise of jurisdiction, any attempt to amend the complaint would be futile. *See, e.g.*, *Deem*, 941 F.3d at 621 (affirming, on domestic relations abstention grounds, the district court's dismissal of pro se plaintiff's complaint without leave to amend).

## CONCLUSION

Accordingly, the complaint is dismissed without prejudice for lack of subject matter jurisdiction. FED. R. CIV. P. 12(H)(3); 28 U.S.C. § 1915(e)(2)(B). Any state law claims raised in the complaint are dismissed without prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 16, 2024  
      Brooklyn, New York

/s/_____  
ORELIA E. MERCHANT  
United States District Judge